11-764-ag
Ba  v. Holder

BIA
Nelson, IJ
A079 583 050

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of June, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> REENA RAGGI,
> > *Circuit Judges.*

_____

SAIDOU AMADOU BA,
> *Petitioner,*

> v.                                                11-764-ag
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Lawrence J. Hutchison, Columbus, Ohio.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Lisa M. Damiano, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Saidou Amadou Ba, a native and citizen of Mauritania, seeks review of a January 31, 2011, order of the BIA affirming the March 25, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ba*, No. A079 583 050 (B.I.A. Jan. 31, 2011), *aff'g* No. A079 583 050 (Immig. Ct. N.Y. City Mar. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

Because, as the government points out, Ba did not raise, on appeal to the BIA, his claims that the agency violated his due process right, and that he was prejudiced

2

by his former attorney's ineffective assistance, those claims are unexhausted and we are without jurisdiction to consider them in our review of the January 2011 BIA decision. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124-25 (2d Cir. 2007); *Theodoropoulos v. INS,* 358 F.3d 162, 172-73 (2d Cir. 2004). Consequently, the only issue before us is the agency's adverse credibility determination.

Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. BIA*, 548 F.3d 232, 234 & n.1 (2d Cir. 2008)(applying standard applicable to asylum claims filed before May 11, 2005, effective date of REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231). In finding Ba not credible, the agency depended primarily on a discrepancy between his supplemental statement and testimony as to when and where he was arrested 1992, as well as on internal inconsistencies in his testimony regarding when he decided to leave Mauritania. When asked about the inconsistency regarding where and when

3

he was arrested in 1992, Ba stated only that there were "some things" he needed "to wait until . . . [his] hearing to explain." CAR at 384. The agency reasonably declined to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, because this discrepancy went to the heart of Ba's claim of past persecution, and is "substantial" when measured against the record as a whole, the agency did not err in relying upon it to find him not credible. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003).[1]

The agency also reasonably relied on Ba's lack of evidence to corroborate his claim that he had been arrested twice in Mauritania. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("the absence of corroboration in

---

[1]The other discrepancy relied upon by the agency, regarding when Ba decided to leave Mauritania, is not substantial when weighed against the record as a whole. *See Secaida-Rosales*, 331 F.3d at 307. The IJ concluded that because Ba began making arrangements to leave Mauritania prior to his friend's arrest, his statement that he knew he would have to leave after his friend was arrested was "a serious inconsistency." CAR at 172. However, Ba consistently testified that he began making arrangements to leave Mauritania at the beginning of 2001, and then decided with certainty that he had to leave after his friend was arrested. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004)("[W]e will reverse where the adverse credibility determination is based upon . . . an incorrect analysis of the testimony." (internal quotation marks omitted)).

4

general makes an applicant unable to rehabilitate testimony that has already been called into question"). The IJ sufficiently inquired as to the availability of the evidence as she asked Ba whether there was any evidence available to support his claim, specifically, letters from his family members allegedly present when he was arrested in 1992, and when he was released from detention in 2000 and who saw the injuries he had sustained. Ba stated that he had not asked his family members to write letters for him, but that if he did ask them, they would not "have any problem" doing so. CAR at 385-87. *See Li Zu Guan v. INS*, 453 F.3d 129, 141 (2d Cir. 2006) (holding that agency's standard for written corroboration "must be calibrated to the norms and practices of the aliens' home countries"). Ba did not however subsequently submit any corroborating evidence to the IJ or on appeal to the BIA.

The inconsistency identified by the IJ as to where and when Ba was arrested in 1992 is supported by substantial evidence and goes to the heart of his claim. *See Secaida-Rosales*, 331 F.3d at 308-09. Ultimately, given the discrepancy regarding Ba's arrest, as well as the lack of corroborating evidence to support his claim, the agency's adverse credibility determination is supported by

substantial evidence. *See Shu Wen Sun*, 510 F.3d at 380. Furthermore, because the only evidence of a threat to Ba's life or freedom, or that he is likely to be tortured, depends upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. The pending motion to hold the petition for review in abeyance is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6